## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WALSH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SOLID BIOSCIENCES, INC., ILAN GANOT, and JENNIFER ZIOLKOWSKI <br><br> Defendants. | **Case No.** <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Walsh ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Solid Biosciences Inc. ("Solid" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Solid's securities: (1) pursuant and/or

traceable to Solid's false and misleading Registration Statement and Prospectus, issued in connection with the Company's initial public offering on or about January 25, 2018 (the "IPO" or the "Offering"); and/or (2) on the open market between January 25, 2018 and March 14, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2.    Solid Biosciences Inc. is a biotechnology company that purportedly develops therapies and devices for patients with duchenne muscular dystrophy (DMD). The Company's lead product candidate, SGT-001, is a gene transfer under development to restore functional dystrophin protein expression in patients' muscles. The Company's therapy uses adeno-associated virus (AAV) to deliver the transgene into the patient.

3.    Founded in 2013, the Company is headquartered in Cambridge, Massachusetts and its stocks trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "SLDB."

4.    Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Solid Biosciences' lead drug candidate SGT-001 had a high likelihood of causing adverse events in patients; (ii) Solid Biosciences misled investors regarding the toxicity of SGT-001; and (iii) as a result of the foregoing, Solid's public statements were materially false and misleading at all relevant times.

5.    On January 30, 2018, a report entitled "Severe Toxicity in Nonhuman Primates and Piglets Following High-Dose Intravenous Administration of an Adeno-Associated Virus Vector

2

Expressing Human SMN," was published by prominent scientists, including researcher James Wilson ("Wilson"). The report revealed safety concerns linked to high doses of gene therapies using adeno-associated virus (AAV). Wilson resigned from the scientific advisory board at Solid Biosciences shortly before the Company's IPO, citing "emerging concerns about the possible risks of high systemic dosing of AVV."

6.      On this news, Solid's share price fell $1.20, or 5.06%, to close at $22.50 per share on January 30, 2018.

7.      On March 14, 2018, post-market, Solid issued a press release entitled "Solid Biosciences Announces Clinical Hold On SGT-001 Phase I/II Clinical Trial for Duchenne Muscular Dystrophy," announcing that the U.S. Food and Drug Administration has placed a clinical hold on Solid's study of SGT-001, a treatment for Duchenne muscular dystrophy, after a patient experienced an unexpected adverse reaction.  The press release stated in relevant part:

> IGNITE DMD is designed to assess the safety and efficacy of SGT-001 in ambulatory and non-ambulatory children and adolescents with DMD. The first patient dosed in the clinical trial was a non-ambulatory adolescent who received 5E13 vg/kg of SGT-001 on February 14, 2018. ***Several days after administration the patient was hospitalized due to laboratory findings that included a decrease in platelet count followed by a reduction in red blood cell count and evidence of complement activation.*** The patient showed no signs or symptoms of coagulopathy (bleeding disorder) and no relevant changes from baseline in liver function tests. The patient responded well to medical treatment and is currently asymptomatic. All laboratory parameters have either improved or returned to normal, and he is continuing outpatient assessments
>
> ***Solid reported the event to the FDA and, because it was unexpected, classified it as a Suspected Unexpected Serious Adverse Reaction (SUSAR). The FDA informed the company that the clinical hold was due to the event.*** Solid has halted enrollment and dosing in IGNITE DMD and is awaiting the formal Clinical Hold letter from the FDA to understand the requirements for resuming the clinical trial. Solid will work closely with the Agency to resolve the Clinical Hold.
>
> (Emphasis added.)

8.      On this news, Solid's share price fell $16.99, or 64.57%, to close at $9.32 on March 15, 2018.

9.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

12.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Solid's principal executive offices are located within this Judicial District.

13.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired Solid securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

15.     Defendant Solid is headquartered in Massachusetts, with principal executive offices located at 141 Portland Street, Fifth Floor, Cambridge, Massachusetts 02139.  Solid's shares trade on the NASDAQ under the ticker symbol "SLDB."

16.     Defendant Ilan Ganot ("Ganot") co-founded and has served as the Company's Chief Executive Officer ("CEO") and Director since 2013.

17.     Defendant Jennifer Ziolkowski ("Ziolkowski") has served as the Company's Chief Financial Officer ("CFO") since June 27, 2017, and as its Treasurer and Assistant Secretary since May 2017.

18.     The defendants referenced above in ¶¶ 16-17 are sometimes referred to herein as the "Individual Defendants."

19.     The Individual Defendants possessed the power and authority to control the contents of Solid's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then

materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

20.     Solid Biosciences Inc. is a biotechnology company that purportedly develops therapies and devices for patients with duchenne muscular dystrophy (DMD). The Company's lead product candidate, SGT-001, is a gene transfer under development to restore functional dystrophin protein expression in patients' muscles. The Company's therapy uses adeno-associated virus (AAV) to deliver the transgene into the patient.

21.     On December 29, 2017, Solid filed a registration statement on Form S-1 with the SEC in connection with the IPO. The registration statement was subsequently amended several times, with the final amended registration statement filed on Form S-1/A with the SEC on January 25, 2018 (collectively, the "Registration Statement").

22.     The Registration Statement contained a preliminary prospectus. The final prospectus (the "Prospectus") was filed with the SEC on January 29, 2018.

23.     On January 25, 2018, the SEC declared the Registration Statement effective.

24.     On or about January 25, 2018 the Company completed its IPO, issuing 8.98 million shares at a price of $16.00 per share and raising proceeds of approximately $143.75 million.

### Materially False and Misleading Statements Issued During the Class Period

25.     The Class Period begins on January 25, 2018, when Solid filed an amendment to its Form S-1 with the SEC, which forms part of the Registration Statement.  In the amendment, the Company informed investors that the SGT-001 study was enrolling patients and there was no indication of dangerous toxicity levels, stating in relevant part:

As part of our preclinical program, we performed necessary GLP toxicology studies to establish the overall safety profile of SGT-001 in wild-type mice and NHPs. The data and our conclusions from these studies were included in our IND submission to the FDA. Systemic administration of SGT-001 was generally well tolerated in both species. We observed no evidence of test-article-related toxicity for up to 13 weeks after systemic administration of SGT-001 in either species that would prevent us from initiating clinical studies. In the NHP study, test-article-related effects were self-limited, mild chemistry and hematology changes with no microscopic correlates at the end of the study. There was a transient and asymptomatic increase in liver function enzymes observed in NHPs starting on day 9, which returned to normal levels by day 21. We believe there were no other relevant test-article-related adverse events associated with SGT-001 administration in either GLP study.

***

In the fourth quarter of 2017, we announced the initiation of a randomized, controlled, open-label, single-ascending dose Phase I/II clinical study, called IGNITE DMD, designed to evaluate SGT-001 in ambulatory and non-ambulatory males with DMD aged four to 17 years. The primary objectives of the study are to assess the safety and tolerability of SGT-001, as well as efficacy as defined by microdystrophin protein expression.

***

We are developing SGT-001 for the treatment of DMD through a single intravenous administration. In the fourth quarter of 2017, we announced the initiation of IGNITE DMD, a randomized, controlled, open-label, single-ascending dose Phase I/II clinical study designed to evaluate SGT-001.

26.    The Registration Statement was signed by Defendants Ganot and Ziolkowski.

27.    The statements referenced in ¶¶ 25 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Solid Biosciences' lead drug candidate SGT-001 had a high likelihood of causing adverse events in patients; (ii) Solid Biosciences misled investors regarding the toxicity of SGT-001; and (iii) as a result of the foregoing, Solid's public statements were materially false and misleading at all relevant times.

7

**The Truth Begins to Emerge**

28.    On January 30, 2018, a report entitled "Severe Toxicity in Nonhuman Primates and Piglets Following High-Dose Intravenous Administration of an Adeno-Associated Virus Vector Expressing Human SMN," was published by prominent scientists, including researcher James Wilson. The report revealed safety concerns linked to high doses of gene therapies using adeno-associated virus (AAV). Wilson resigned from the scientific advisory board at Solid Biosciences shortly before the Company's IPO, citing "emerging concerns about the possible risks of high systemic dosing of AVV."

29.    On this news, Solid's share price fell $1.20, or 5.06%, to close at $22.50 per share on January 30, 2018.

30.    On March 14, 2018, post-market, Solid issued a press release entitled "Solid Biosciences Announces Clinical Hold On SGT-001 Phase I/II Clinical Trial for Duchenne Muscular Dystrophy," announcing that the U.S. Food and Drug Administration has placed a clinical hold on Solid's study of SGT-001, a treatment for Duchenne muscular dystrophy, after a patient experienced an unexpected adverse reaction.  The press release stated in relevant part:

> IGNITE DMD is designed to assess the safety and efficacy of SGT-001 in ambulatory and non-ambulatory children and adolescents with DMD. The first patient dosed in the clinical trial was a non-ambulatory adolescent who received 5E13 vg/kg of SGT-001 on February 14, 2018. *Several days after administration the patient was hospitalized due to laboratory findings that included a decrease in platelet count followed by a reduction in red blood cell count and evidence of complement activation.* The patient showed no signs or symptoms of coagulopathy (bleeding disorder) and no relevant changes from baseline in liver function tests. The patient responded well to medical treatment and is currently asymptomatic. All laboratory parameters have either improved or returned to normal, and he is continuing outpatient assessments
>
> *Solid reported the event to the FDA and, because it was unexpected, classified it as a Suspected Unexpected Serious Adverse Reaction (SUSAR). The FDA informed the company that the clinical hold was due to the event.* Solid has halted enrollment and dosing in IGNITE DMD and is awaiting the formal Clinical Hold

letter from the FDA to understand the requirements for resuming the clinical trial. Solid will work closely with the Agency to resolve the Clinical Hold.

(Emphasis added.)

31.    On this news, Solid's share price fell $16.99, or 64.57%, to close at $9.32 on March 15, 2018.

32.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Solid securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

34.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Solid securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Solid or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

35.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

36.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

37.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Solid;

- whether the Individual Defendants caused Solid to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Solid securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

39.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Solid  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Solid securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

40.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

42.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Solid securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Solid securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

45.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Solid securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Solid's finances and business prospects.

46.     By virtue of their positions at Solid , defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended

thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

47.    Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of Solid, the Individual Defendants had knowledge of the details of Solid's internal affairs.

48.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Solid. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Solid's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Solid securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Solid's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Solid securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

49.     During the Class Period, Solid securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Solid securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Solid securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Solid securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

50.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

51.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

52.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.    During the Class Period, the Individual Defendants participated in the operation and management of Solid, and conducted and participated, directly and indirectly, in the conduct of Solid's business affairs.  Because of their senior positions, they knew the adverse non-public information about Solid's misstatement of income and expenses and false financial statements.

54.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Solid's financial condition and results of operations, and to correct promptly any public statements issued by Solid which had become materially false or misleading.

55.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Solid disseminated in the marketplace during the Class Period concerning Solid's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Solid to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Solid within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Solid securities.

56.    Each of the Individual Defendants, therefore, acted as a controlling person of Solid. By reason of their senior management positions and/or being directors of Solid, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Solid to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Solid and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

57.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Solid.

## COUNT III

**(Violations of Section 11 of The Securities Act Against All Defendants)**

58.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

59.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

60.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

61.     Solid is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

62.     As issuer of the shares, Solid is strictly liable to Plaintiff and the Class for the misstatements and omissions.

63.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

64.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

65.     Plaintiff acquired Solid securities pursuant and/or traceable to the Registration Statement for the IPO.

16

66.     Plaintiff and the Class have sustained damages. The value of Solid securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT IV

**(Violations of Section 15 of The Securities Act Against the Individual Defendants)**

67.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

68.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

69.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Solid within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause Solid to engage in the acts described herein.

70.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

71.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: April 3, 2018

Respectfully submitted,

**ANDREWS DEVALERIO LLP**

*/s/ Daryl Andrews*
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 936-2796
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*